**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

DAVE RODGE GRIFFITH                                                PLAINTIFF

v.                                          CIVIL ACTION NO.: 2:23-cv-26-KS-MTP

KATH WINBORNE, SOUTHERN EXIT REALTY,
and PEARL RIVER VALLEY POWER
ELECTRIC ASSOCIATION                                              DEFENDANTS

### REPORT AND RECOMMENDATION

THIS MATTER is before the Court *sua sponte* for screening purposes pursuant to 28 U.S.C. § 1915(e)(2), and pursuant to the Court's inherent duty to determine whether it has subject matter jurisdiction over Plaintiff's claims. *See, e.g., Wachovia Bank v. Schmidt,* 546 U.S. 303, 316, 126 S.Ct. 941, 163 L.Ed.2d 797 (2006); *Warren v. United States,* 874 F.2d 280, 281–82 (5th Cir.1989); Fed. R. Civ. P. 12(h)(3).  For the reasons set forth below, the undersigned recommends that this matter be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3) for failure to state a claim within this Court's subject matter jurisdiction.

On February 7, 2023, Plaintiff filed his Complaint [1] along with his Motion for Leave to Proceed *in forma pauperis* [2]. The Court granted Plaintiff *in forma pauperis* status, however, the issuance of summons and service of process was stayed pending certain clarifications from Plaintiff. *See* Order [8]. Specifically, the Court directed Plaintiff to "identify the nature of [his] claims and relief sought, the allegations supporting his claims, and the basis for federal jurisdiction." *Id*. at 1.

On May 1, 2023, in response to the Court's Order [8], Plaintiff filed an Amended Complaint [9]. Plaintiff claims the Defendants violated an eviction moratorium imposed by the Centers for Disease Control in response to the COVID-19 pandemic. Plaintiff claims that he had

1

a valid lease agreement with Defendant Kath Wilborne's husband, but that after her husband died, she evicted him. Plaintiff claims that Exit Realty wrongfully entered the leased premises while he was living there. Plaintiff claims that Pearl River Valley Electric turned off the electricity and water to the leased premises at the instruction of Defendant Wilborne, and that the company refused to turn the services back on without Plaintiff producing a new, valid lease.

### SCREENING PURSUANT TO 28 U.S.C. § 1915 AND JURISDICTION

Because Plaintiff was granted *in forma pauperis* status to proceed with this lawsuit without the prepayment of fees, the Court may dismiss the case at any time if it determines that the Complaint fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). This statute applies equally to prisoner and non-prisoner cases. *Newsom v. EEOC*, 301 F.3d 227, 231-33 (5th Cir. 2002).

Federal courts have an independent obligation to determine whether subject-matter jurisdiction exists. *See Soaring Wind Energy, L.L.C. v. Catic USA Inc*., 946 F.3d 742, 749 (5th Cir. 2020). Federal courts are courts of limited jurisdiction and must presume that a suit lies outside their limited jurisdiction. *See Gonzalez v. Limon*, 926 F.3d 186, 188 (5th Cir. 2019). "[S]*ua sponte* dismissal is mandatory when a court discovers that it lacks subject-matter jurisdiction." *Carver v. Atwood*, 18 F.4th 494, 497 (5th Cir. 2021); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As the party invoking federal subject-matter jurisdiction, Plaintiff bears the burden of establishing jurisdiction. *See United States ex rel. King v. Solvay Pharm., Inc*., 871 F.3d 318, 325 (5th Cir. 2017). Additionally, as Plaintiff is proceeding *pro se*, his pleadings and filings are liberally construed and held to a less stringent standard than those drafted by a lawyer. *Haines v.*

*Kerner*, 404 U.S. 519, 520 (1972); *see Perez v. United States*, 312 F.3d 191, 194–95 (5th Cir. 2002). However, even liberally construing his claims, Plaintiff has failed to state a claim over which this Court has subject matter jurisdiction.

There is no diversity jurisdiction as Plaintiff and all Defendants appear to be residents of Mississippi. *See* Complaint [1] at 1-2. After the Court directed Plaintiff to provide the basis for the Court's jurisdiction, Plaintiff filed an Amended Complaint [9] asserting that this Court has federal question jurisdiction pursuant to "Federal CDC Guidelines, a Federal Executive Orders Commerce Clause of the U.S. Constitution CARES ACT 4024 Federal Moratorium." [9] at 2.

The Commerce Clause, found in Article I of the Constitution, empowers Congress "[t]o regulate Commerce ... among the several states." U.S. Const. Art. I, § 8, cl. 3. "By its terms, however, the Commerce Clause is a limitation on Congress, not a grant of individual rights." *Dickerson v. City of Denton*, 298 F. Supp. 2d 537, 543 (E.D. Tex. 2004); *see also Daniels v. Church of the Living Word # 4 PGT Assoc.,* No. CIV.A. 301CV1318D, 2001 WL 1445407, at *2 (N.D.Tex. Nov.14, 2001) ("While Congress may enact laws that create private causes of action against persons who engage in unlawful activities affecting interstate commerce, the commerce clause *itself* does not give rise to any such cause of action." (emphasis in original)). Accordingly, Plaintiff has no private cause of action under the Commerce Clause.[1]

The Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), instituted a 120-day prohibition on the initiation of eviction proceedings for rental properties that received

---

[1] To the extent that Plaintiff's claims could be construed as violations of his constitutional rights under 42 U.S.C. § 1983, his claims still fail as the named Defendants are not state actors. *See Perez v. Ormiston,* 364 F. App'x 93, 93 (5th Cir. Feb.3, 2010) (per curiam) (affirming dismissal with prejudice where neither state action nor a private right of action, pursuant to a federal statute, were present); *see also Priester v. Lowndes Cnty.,* 354 F.3d 414, 420 (5th Cir.2004) ("To state a cause of action under section 1983 the appellant must allege that the person who deprived him of a federal right was acting under color of law.").

federal assistance or had federally backed loans, but this prohibition ended on July 27, 2020, over six months before Plaintiff's claims arose.  Pub. L. No. 116-136, 134 Stat. 281 (2020). However, on September 4, 2020, the Center for Disease Control ("CDC") issued an order entitled "Temporary Halt in Residential Evictions to Prevent the Further Spread of COVID-19" 85 FR 55292 ("CDC eviction moratorium"). The CDC eviction moratorium prohibited "any action ... to remove or cause the removal of a covered person" through December 31, 2020, which was later extended by Congress as part of the Consolidated Appropriations Act to January 31, 2021. *Id.*; Pub. L. No. 116-260, § 502, 134 Stat. 1182 (2020). The CDC subsequently extended the eviction moratorium on four occasions, through October 31, 2021. 86 Fed. Reg. 8020; 86 Fed. Reg. 16,731; 86 Fed. Reg. 34,010; 86 Fed. Reg. 43244. Because Plaintiff's claims arose in February of 2021, after the Consolidated Appropriations Act expired, the CDC eviction moratorium appears to be the relevant regulation at issue.

However, district courts have held that the moratorium does not provide a basis for federal question jurisdiction. *See Cholick v. Salvador*, 2020 WL 6526351, at *2–3 (S.D. Tex. Oct. 8, 2020) (finding no federal question jurisdiction based on the CDC eviction moratorium); *Forar v. Avery*, 2021 WL 3173818, at *2 (E.D. La. May 18, 2021) (finding no basis for federal jurisdiction arising out of the CDC's eviction moratorium). Additionally, in *Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*, 210 L. Ed. 2d 856, 141 S. Ct. 2485, 2490 (2021), the Supreme Court of the United States effectively struck down the CDC eviction moratorium. *See BST Holdings, L.L.C. v. Occupational Safety Health Admin., United States Dep't of Labor*, 17 F. 4th 604, 619 (5th Cir. 2021) ("But health agencies do not make housing policy...."); *see also Jackson v. Siegel Grp. LLC*, 2022 WL 1056149, at *9 (S.D. Miss. Feb. 25, 2022) (finding plaintiff's claim seeking to enforce the CDC's eviction moratorium moot after the Supreme

Court's ruling in *Alabama Ass'n of Realtors v. Dep't of Health & Hum. Servs.*). Thus, Plaintiff "no longer has a claim for its violation." *Jackson,* 2022 WL 1056149, at *9.

Moreover, the CDC eviction moratorium never created a private right of action for individuals. As another federal district court explained,

> …the CDC moratorium does not create a private right of action for individuals like [Plaintiff]. Enforcement of the CDC Order is to be through the "U.S. Department of Justice," which is empowered to "initiate court proceedings as appropriate." 85 FR 55292 at 55296. The decision not to create a federal remedy for private individuals "is tantamount to a congressional conclusion that the presence of a claimed violation of the [CDC moratorium] … is insufficiently 'substantial' to confer federal-question jurisdiction." *See Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 814 (1986).

*Brokers v. Matthews*, No. 1:21-CV-0567-TWT-LTW, 2021 WL 918814, at *2 (N.D. Ga. Feb. 17, 2021).

Because all of Plaintiff's remaining claims—wrongful eviction, trespass, and breach of contract—arise under state law, and Plaintiff has not alleged a viable federal claim within this Court's subject matter jurisdiction,[2] the undersigned recommends that this case be dismissed for lack of jurisdiction.

## RECOMMENDATION

As Plaintiff has failed to state a claim for which this Court has federal subject matter jurisdiction, the undersigned recommends that his Complaint be dismissed without prejudice pursuant to pursuant to Federal Rule of Civil Procedure 12(h)(3).

---

[2] Plaintiff previously filed this matter in state court. *See* [1] at 4. According to Plaintiff, he "was informed" that his complaint should have been filed in federal court due to "Federal Laws being violated." However, as stated herein, Plaintiff has not stated a claim that establishes federal subject matter jurisdiction.

**NOTICE OF RIGHT TO OBJECT**

In accordance with the Rules of this Court, any party, within fourteen days after being served a copy of this recommendation, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party.  The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions.  Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).

This the 7th day of July, 2023.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE