IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DAVID RODGE GRIFFITH**                                      **PLAINTIFF**

**V.**                                    **CIVIL ACTION NO. 2:23-CV-26-KS-MTP**

**KATH WINBORNE, SOUTHERN EXIT
REALTY, and PEARL RIVER VALLEY
ELECTRIC POWER ASSOCIATION**                           **DEFENDANTS**

## ORDER ADOPTING REPORT AND RECOMMENDATIONS AND DISMISSING CASE

On July 7, 2021, the Magistrate Judge entered his Report and Recommendation ("R&R") [10] in this matter, recommending that the Court dismiss this matter without prejudice due to Plaintiff's failure to state a claim for which this Court has federal subject matter jurisdiction. Objections to the R&R were due by July 21, 2023. To date, Plaintiff has filed no objection. For the reasons set forth below, the Court finds that dismissal is warranted.

When parties do not file written objections, courts apply a "clearly erroneous, abuse of discretion and contrary to law" standard of review to a report and recommendation. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) ("[T]he 'clearly erroneous, abuse of discretion and contrary to law' standard of review ... is appropriate ... where there has been no objection to the magistrate's ruling."); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988) ("[A] party is not entitled to de novo review of a magistrate's finding and recommendations if

objections are not raised in writing by the aggrieved party ... after being served with a copy of the magistrate's report.").

In this case, Plaintiff is proceeding *in forma pauperis*. As such, pursuant to 28 U.S. Code § 1915(e)(2)(B)(ii), the Court is authorized to dismiss an action if a Plaintiff fails to state a claim. Additionally, the Court has an inherent duty at all times during a case to determine whether it has subject matter jurisdiction and dismiss the action if jurisdiction is lacking. *See* Fed. R. Civ. P. 12(h)(3); *Wachovia Bank v. Schmidt*, 546 U.S. 303, 316 (2006); *Warren v. United States*, 874 F.2d 280, 281-282 (5th Cir. 1989). Here, the Magistrate Judge screened the Plaintiff's Complaint to determine compliance.

The Complaint was originally filed on February 7, 2023 for which the Court granted *in forma pauperis* status. Issuance of the summons was stayed pending clarification of the Plaintiff's claims, which the Court ordered. *See* [8]. The Plaintiff then, in response to the Order, filed an Amended Complaint. The case arises from an alleged violation of the "COVID-19 eviction moratorium." The Magistrate Judge noted that there was no diversity jurisdiction, as all parties are residents of Mississippi. As for federal question jurisdiction, Plaintiff asserted in the Amended Complaint that jurisdiction lies in the "Federal CDC Guidelines, a Federal Executive Orders Commerce Clause of the U.S. Constitution CARES ACT 4042 Federal Moratorium." [9] at 2. After analyzing each alleged basis for jurisdiction, the Magistrate Judge determined that none provided federal question jurisdiction, and the undersigned agrees. Because all remaining claims are based on state law,

the Plaintiff has failed to allege a viable federal claim within this Court's subject matter jurisdiction.

In sum, as required by 28 U.S.C. § 636(b)(1), the Court has conducted an independent review of the entire record. The Court concludes that the Report and Recommendation [10] is an accurate statement of the facts and a correct analysis of the law in all respects. Therefore, after a full review, the Court agrees with the Magistrate Judge's proposed findings of fact and conclusions of law and finds that they are neither clearly erroneous nor contrary to law. *See Wilson*, 864 F.2d at 122. Accordingly, the Court accepts, approves, and adopts the factual findings and legal conclusions contained in the Report and Recommendation [10] entered by United States Magistrate Judge Michael T. Parker pursuant to 28 U.S.C. § 636(b)(1).

THEREFORE, IT IS HEREBY ORDERED that the Plaintiff's Complaint is dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(h)(3). This case is closed.

SO ORDERED AND ADJUDGED this 31st day of July 2023.

/s/ Keith Starrett\
KEITH STARRETT\
UNITED STATES DISTRICT JUDGE